### LUSTGARTEN et al. v. HECHT.

(Supreme Court, Appellate Term. April 9, 1912.)

1. AUCTIONS AND AUCTIONEERS (§ 9*)—LIABILITIES OF AUCTIONEER—CONVERSION.

An auctioneer, who sells goods at auction for a less price than that agreed upon, is not guilty of a conversion, but, at most, is liable in another form of action for damages.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 41–43; Dec. Dig. § 9.*]

2. JUDGMENT (§ 249*)—THEORY OF CASE.

Where a complaint alleged a contract with an auctioneer for the sale of goods at auction for not less than a certain price, and breach by him, and damages to plaintiff, and the case was tried on the theory of a conversion by the auctioneer, and the jury was specifically charged to that effect, a judgment for plaintiff cannot be sustained as a judgment in an action for a breach of contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 435; Dec. Dig. § 249.*]

Appeal from City Court of New York, Trial Term.

Action by Bernard Lustgarten and another against Sol. Hecht. From a judgment in favor of the plaintiffs, rendered in the City Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

James, Schell & Elkus (Joseph M. Proskauer and Herrick McClenthen, of counsel), for appellant.

Joseph E. Jacobs (Benjamin Jaffe, of counsel), for respondents.

GUY, J. Defendant appeals from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial.

[1] The action was brought to recover damages for an alleged conversion of merchandise, which plaintiff delivered to defendant to be sold by defendant at auction under an alleged agreement that, unless

the goods brought a certain price, they should not be sold, but should be returned to the plaintiff. Plaintiff alleges that, instead of carrying out this agreement, defendant sold the goods for less than the price agreed upon, and thereby was guilty of a conversion of said goods. Under the authorities the selling of the goods for a less price than agreed upon did not constitute a conversion, but, at most, amounted to misconduct on the part of the defendant as plaintiff's agent, for which defendant might be liable in another form of action. See Minneapolis Trust Co. v. Mather, 181 N. Y. 205, 73 N. E. 987. The learned trial court erred, therefore, in denying defendant's motion to dismiss the complaint at the close of the case.

[2] It is urged by the respondent that as the complaint alleges a contract, a breach thereof by defendant, and damages, which are correctly represented by the amount of the judgment, the judgment should be sustained as a judgment in an action for breach of contract. The case was, however, tried on the theory of a conversion, the court charged the jury specifically to that effect, and, as the judgment as entered would confer upon the plaintiff, as against the defendant, rights not incidental to another form of judgment, it cannot be permitted to stand.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.